## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CYNTHIA M. BENNETT,

     Plaintiff,

v.

BC SERVICES, INC.

     Defendant.

CIVIL COMPLAINT

CASE NO. 1:22-cv-00198

DEMAND FOR JURY TRIAL

### COMPLAINT

**NOW COMES** Cynthia M. Bennett ("Plaintiff"), by and through her undersigned attorneys, complaining of the Defendant, BC Services, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Colorado Consumer Protection Act ("CCPA").

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

### PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant states that it "is an accounts receivable management company that partners with businesses to streamline their recovery process and improve cash flow."[1] Defendant is in the business of collecting consumer debts for others.  Defendant is a corporation organized under the law of the state of Colorado located at 550 Disc Drive, Longmont, CO 80503.

### FACTS SUPPORTING CAUSES OF ACTION

6.   On October 31, 2019, Plaintiff received medical services at Sky Ridge Medical Center and incurred a balance of $1174.00 ("subject debt").

7.   Plaintiff at the time unemployed and uninsured was unable to afford to pay for COBRA insurance and was seen as an uninsured.

8.   In or around December 2019, Plaintiff started to receive billing statements from Carepoint Emergency Med, PLLC.

9.   Plaintiff was unable to pay the Sky Ridge Medical Center balance and the alleged defaulted debt was transferred to Wakefield & Associates ('Wakefield") for collection.

10. Shortly thereafter Plaintiff started to receive collection letters from Wakefield on the subject debt.

11. On or around June 16, 2020, Plaintiff contacted Wakefield & Associates, Inc. and made a payment for $1,198.70 to satisfy the subject debt in full.

12. In or around December 2021, Plaintiff received a final notice requesting payment on subject debt from the original creditor.

---

[1] https:// https://bcservice.com/

13. Plaintiff, perplexed as to why she was still receiving collection letters, contacted the medical provider and notified them on numerous occasions that the debt has been paid in full to Wakefield & Associates.

14. In or around December 2021, Plaintiff spoke to "Wendy" a representative at the medical providers billing department in which Plaintiff advised that the balance has been paid in full to Wakefield.

15. Shortly thereafter, Plaintiff began receiving letters from Defendant BC Services, Inc. in an attempt to collect on a past due amount of $54.00 from the subject debt.

16. On December 9, 2021, Plaintiff received a collection letter from Defendant attempting to collect on the paid subject debt.

17. Perplexed as to why Defendant would be collecting the paid debt, Plaintiff contacted Defendant; during this call Plaintiff spoke to Defendant's representative by the name of Joseph Anderson ("Joseph").

18. Joseph notified Plaintiff that she would need to speak to a supervisor.

19. Plaintiff then advised the supervisor to contact Wakefield for an updated statement for August 2021 through October 2021 showing the debt was paid in full.

20.  Defendant periodically attempted to collect the subject debt from Plaintiff despite the fact that Plaintiff had paid the subject debt in full on June 16, 2020.

21. Defendant's Collection Letter was highly confusing to Plaintiff as she believed her obligation on the subject debt was extinguished through her payment in full to Wakefield, yet Defendant was seeking payment.

22. As a result of Defendant's actions and inactions, Plaintiff has expended time consulting with her attorneys as a result of Defendant's deceptive collection activity.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a (6).

28. Defendant's inaccurate communications to Plaintiff were made in connection with the collection of the alleged debt.

29. Defendant violated 15 U.S.C. §1692e, e(2), e(10), f and  f(1) through its unlawful debt collection practices.

   **a.   Violations of FDCPA § 1692e**

30. Defendant violated §1692e(2) and e(10) by using false, deceptive, and misleading representation in connection to collection of the alleged subject debt.

31. The alleged subject debt was not owed at the time Defendant began its misleading representation in connection to collection of the alleged debt to Plaintiff.

32. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant attempted to collect the alleged debt from Plaintiff

personally despite Plaintiff not owing the alleged debt, which had previously been paid on June 16, 2020.

33. Defendant knew, or should have known, that Plaintiff did not have any legal obligation to pay the alleged debt, but despite having actual knowledge Defendant continued its harassment behavior.

34. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe she owed a debt that she has previously paid, thus hoping to drive Plaintiff to make a payment.

**b. Violations of FDCPA § 1692f**

35. Defendant violated §1692f and f(1) when it unfairly and unconscionable attempted to collect on a debt by continuously mailing collection letters to Plaintiff demanding Plaintiff to make a payment.

36. Defendant repeatedly attempted to press Plaintiff into making a payment that she had already satisfied in full.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of using unfair and unconscionable means to attempt to collect a debt.

38. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

39. As pled above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Cynthia M. Bennett respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.   Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.   Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d.   Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

<u>**COUNT II**</u>

**Colorado Consumer Protection Act**

40.   Plaintiff incorporates Paragraphs 1 through 39 as fully set forth herein.

41. To prevail on a Colorado Consumer Protection Act ("CCPA") claim, "a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

42.   Defendant violated the CCPA by attempting to collect upon a debt that was already paid.

43.   Defendant continued to attempt to collect upon a debt which it knew or should have known was not owed by the Plaintiff.

44.   Defendant's conduct as outlined herein was patently unfair and caused Plaintiff damages.

45.   Plaintiff had no choice but to submit to Defendant's abusive and harmful conduct as outlined herein.

46.   Plaintiff's experience with Defendant as set forth herein is not unique to Plaintiff as Defendant systemically collects upon consumer in Colorado.

47. A cursory investigation of Defendant reveals that Defendant is regularly sued in Colorado for violations of consumer protection laws.

**WHEREFORE**, Plaintiff requests the following relief:

A. A finding that Defendant's conduct violated the CCPA;

B. Entry of judgment in Plaintiff's favor and against Defendant for violations of the CCPA;

C. An award of actual damages;

D. An award of punitive damages;

E. An award of Plaintiff's attorney's fees and costs.

**Plaintiff demands trial by jury.**

Dated: January 25, 2022                    Respectfully Submitted,

_/s/ Victor T. Metroff_
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Marwan Daher, Esq.
_Counsel for Plaintiff_
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com